


GARY S. FISH
Attorney at Law
15 Maiden Lane, Suite 1108
New York, New York 10038
(212) 964-5100
FAX (212) 349-1887

Admitted to Practice:
New York, Connecticut,
Pennsylvania and California

March 24, 2008

The Honorable Harold Baer, Jr.
United States District Court Judge
Southern District of New York
500 Pearl Street, Chambers 2230
New York, New York 10007

Re: Ahmed A. Bassett v. The City of New York, Case #:07 CV 8695

GSF Request to Amend October 9, 2007 Complaint, attached hereto, to add as party defendants, Police Officer Kenneth Baker, Mid-Town South Detective Squad, and Sergeant Stremel, Mid-Town South, whose names were set forth on Defendant's FRCP Rule 26(A) Disclosure Form, dated March 20, 2008, and presented to GSF at the subject March 20, 2008 Conference before the Court; Enclosures: (1) The subject October 9, 2007 summons and complaint, stating in Paragraph 6, that "On or about February 3, 2005, the defendant AND/OR ITS AGENTS, SERVANTS AND/OR EMPLOYEES WRONGFULLY, INTENTIONALLY, AND FALSELY ACCUSED THE PLAINTIFF OF KNOWINGLY RECEIVING STOLEN MERCHANDISE....(My emphasis provided); and stating in Paragraphs 8 and 10, that the gravamen of the alleged Section 1983 wrongdoing included the malicious prosecution of the case against Ahmed Bassett, which was dismissed on May 18, 2005 (in which case the applicable Statute of Limitations would not run until May 17, 2008; and (2) the relevant portions of defendant's March 20, 2008 disclosure form

Dear Judge Baer,

    Further to my today, 615 PM telephone conversation with your law clerk, Ms. Natalie Rey, I set forth in letter form my Request to Amend the subject Complaint, for the above reasons.

    I respectfully submit that the defendant was on actual notice at the time of the filing of the subject lawsuit on October 9, 2007 that foreseeable defendants included agents, servants and/or employees of defendant The City of New York, which would foreseeably include within its ambit

New York City police officers whose names were disclosed to me on March 20, 2008. No prejudice exists therefor in allowing the proposed party defendants amendments. Furthermore, the actual statute of limitations would not run until May 17, 2008, insofar as the alleged continuing malfeasance of defendants would include the alleged malicious prosecution of the underlying case dismissed on May 18, 2005.

    For the foregoing reasons, I respectfully request that plaintiff be allowed to amend the subject complaint within thirty (30) days of the granting of this Request.

    Should Your Honor request that I submit a formal motion to address the above, I would be happy to do so.

Very truly yours,

*Gary A. Fish*

Gary S. Fish (GSF 6551)
Attorney for Plaintiff

GSF:wp

cc: Brook Birnbaum, Esq.
    Assistant Corporation Counsel
    Office of Corporation Counsel
    City of New York
    Attorney for Defendant
    (With attachments)

[Handwritten note from the Judge:]

Having read the letters etc. in this matter I tend to believe that the city is correct both on the S/L issue and on the related B relation back issue and therefore an amendment would be futile. On the other hand I'm not convinced that a formal motion might not have changed my mind. Perhaps even changed my light. If you choose to make a formal motion do so w/in 20 days from date & in any event w/ answer fully prepared motion in chambers 20 days thereafter - fully prepared in chambers January 1, 09 if you choose.

SO ORDERED

Harold Baer
USDJ

Having read the letters etc. in this matter, I tend to believe that the City is correct both on the S/L issue and on the related relation back issue and therefore an amendment would be futile. On the other hand, I'm not convinced that a formal motion might shed more light and perhaps even change my mind. If you choose to make a formal motion, do so within 20 days from date with answer from the City due 20 days thereafter – fully briefed motion in Chambers with a reply if you choose, June 1, 2008.