Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
New York, New York 10038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X CASE #: 07 CV 08695 (HB)

AHMED BASSETT,

                 PLAINTIFF,

          -against-

THE CITY OF NEW YORK,

                 DEFENDANT.
-----------------------------------------------------------------X

DECLARATION OF GARY S. FISH, ESQ., IN SUPPORT OF MOTION TO AMEND COMPLAINT TO ADD PARTY DEFENDANTS

I, Gary S. Fish, Esq., an attorney duly licensed to practice law before the United States District Court for the Southern District of New York, hereby declare under penalties of perjury as follows:

1. I am the attorney for plaintiff, and I am not a party to this action. I have personal knowledge of the below stated, based on my review of the investigative file maintained in this action. As to those statements based on case or statutory law, or legal argument, I do not have personal knowledge but the Court can take judicial notice thereof. I am submitting this declaration in support of plaintiff motion to amend summons and complaint in the interest of justice, pursuant to Federal Rule of Civil Procedure Section 15(a)(2) (FRCP Section 15(a)(2) to add as party defendants Police Officer Kenneth Baker and Sergeant Stremel, with respect to each and every component of plaintiff's Section 1983 claim, to wit: (a) false arrest; (b) false imprisonment; and © malicious prosecution.

-1-

2. At the bare minimum, agreed to by Assistant Corporation Counsel Brooke Birnbaum, Esq., in the attached March 31, 2008 letter to Judge Baer, Jr., page 4, the Court should allow the plaintiff to amend the summons and complaint to allege a claim sounding in malicious prosecution against foreseeable defendants Police Office Kenneth Baker and/or Sergeant Stremel.

3. For the reasons herein after set forth, due to the continuing violation doctrine, the Court should also allow the plaintiff to amend the summons and complaint to allege claims sounding in false arrest and false imprisonment against foreseeable defendants Police Officer Kenneth Baker and/or Sergeant Stremel.

4. Plaintiff did in fact allege a continuing wrong in Paragraph 10 of the initial complaint. That paragraph expressly states (emphasis provided) THE FALSE ARREST AND/OR FALSE IMPRISONMENT AND/OR MALICIOUS PROSECUTION OF THE PLAINTIFF... WAS WRONGFUL, INTENTIONAL, AND WITHOUT JUSTIFICATION AND/OR WITHOUT PROBABLE CAUSE, WAS PART OF A SUBSTANTIAL AND CONTINUOUS PATTERN OF WRONGDOING AND STEREOTYPICAL RACIAL AND/OR ETHNIC PROFILING BY THE DEFENDANT.... In Paragraph 6 of the Complaint, plaintiff alleged that THE DEFENDANT AND/OR ITS AGENTS, SERVANTS AND/OR EMPLOYEES WRONGFULLY INTENTIONALLY AND FALSELY ACCUSED THE PLAINTIFF OF KNOWINGLY RECEIVING STOLEN MERCHANDISE AND WITHOUT WARRANT AND PROBABLE CAUSE, ARRESTED AND PLAINTIFF AND CHARGED HIM WITH A FELONY (My emphasis provided). Thus, the defendant was on actual notice at the time that the complaint was filed on October 9, 2007, well within the Statute of Limitations period for

-2-

the false arrest and false imprisonment component of plaintiff's Section 1983 claim that

agents, servants and/or employees of the defendant The City of New York (i.e. police officers

are such agents servants and/or employees) were also foreseeably liable for a Section 1983

violation. Plaintiff has alleged that defendants violated his constitutional rights within the timely

filing period, and has therefore properly asserted a continuous violation. See Pino v. Ryan,

49 F.3d 51, 54 (2nd Cir. 1995). No prejudice exists to allow the amendment set forth herein.

5. I first learned of the existence of Sergeant Strebel and his involvement in the alleged false

arrest and false imprisonment and malicious prosecution of plaintiff under Section 1983, on

March 20, 2008, when Assistant Corporation Counsel Brooke Birnbaum, Esq., attorneys for

defendant The City of New York made this Rule 26 disclosure to me immediately prior to

the Pretrial Conference before Judge Baer, Jr. This disclosure was approximately forty five (45)

days after the alleged statute of limitations allegedly ran on the false arrest and false

imprisonment component of plaintiff's Section 1983 claim against this foreseeable defendant.

6. Plaintiff could not have named Sergeant Stremel as a party defendant prior to February 5,

2008 (The 3 year Statute of Limitations) because he was unaware of the existence of said

individual. However, defendant, who on March 20, 2008 did in fact list Sergeant Stremel on the

Rule 26 disclosure form, clearly had actual notice of this individual's involvement prior to any

foreseeable Statute of Limitations expiring on the false arrest and false imprisonment component

of the Section 1983 claim. No prejudice exists therefore with respect to this amendment. In

addition, no prejudice would exist with respect to the amendment because police records would

exist that would foreseeably chronicle any alleged involvement of Sergeant Stremel's (and Police

Officer Kenneth Baker) in plaintiff's alleged false arrest and false imprisonment, which records

-3-

could also be used in Sergeant Stremel's (and Police Officer Kenneth Baker's) defense of the underlying Section 1983 claim. The Court should allow this amendment in the interest of justice therefore under Rule 15(a)(2) of the FRCP.

7. In making this motion, plaintiff stipulates to the defense contention raised in Assistant Corporation Counsel Brooke Birnbaum, Esq.'s March 31, 2008 letter to Judge Baer, Jr., contending that this is not a "relation back" case. However, it is also well settled, of which the Court can take judicial notice, that the Court has the inherent power to extend the time by which an act must be done, in the interests of substantial justice (and also pursuant to Rule 15(a)(b) of the FRCP.). In this case, the lawsuit herein that was filed, was filed in a timely manner and served on defendant The City of New York in a timely manner. Plaintiff could not have timely filed and served an amended pleading on foreseeable defendant Sergeant Stremel prior to February 5, 2008, because plaintiff did not know the identity of this individual until 45 days (3-20-08) AFTER the alleged Statute of Limitations expired on the false arrest and false imprisonment component of plaintiff's Section 1983 claim. Nor was defendant under any pre-existing discovery obligations prior to February 5, 2008 to divulge to plaintiff's counsel the names of either Police Officer Kenneth Baker or Sergeant Stremel.

8. Plaintiff also did not know Police Officer Kenneth Baker's involvement with respect to any false arrest or false imprisonment of the plaintiff prior to the March 20, 2008 disclosure. Defense counsel will foreseeable argue that because Kenneth Baker was listed as a deponent on the subject February 2005 criminal complaint against Bassett, plaintiff waived his right to name this defendant as a party defendant with respect to the proposed amended complaint sounding in false arrest and false imprisonment against Police Office Kenneth Baker. It is

-4-

respectfully submitted that this argument is misplaced. On the criminal complaint, Police

Officer Kenneth Baker made a hearsay deposition based on information furnished him by

an unknown undercover informant. This vague declaration does not constitute evidence of

Police Officer Baker's arrest or imprisonment of the plaintiff, which involvement was not

known until the March 20, 2008 disclosure. Again, in the interest of justice, the Court should

allow plaintiff to amend the Section 1983 complaint to allege false arrest and false imprisonment

against Police Officer Kenneth Baker, as well.

9. Plaintiff has acted promptly and in good faith with respect to the proposed amended complaint

against foreseeable defendants Police Officer Kenneth Baker and Sergeant Stremel. In addition,

the Court can take judicial notice that in the interest of good faith and substantial justice,

plaintiff had previously in this case stipulated to defense counsel's letter request to the Court

for a 60 day extension of time, for defendant to file an answer in the present case. The Pretrial

Conference was scheduled AFTER the alleged running of the 3 year Statute of Limitations,

precisely because defense counsel requested the 60 days extension.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court

grant plaintiff's motion to amend, allow plaintiff to file an Amended Complaint

listing party defendants Kenneth Baker and Sergeant Stremel within twenty (20) days of the

granting of the motion, together with any other relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
      APRIL 29, 2008

Respectfully submitted,

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
NY, NY 10038; (212) 964-5100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

AHMED A. BASSETT,

                                     Plaintiffs,

                -against-

THE CITY OF NEW YORK

                                     Defendant.

**DEFENDANT'S DISCLOSURES PURSUANT TO FED R. CIV. P. 26(A)**

07-cv-08695 (HB) (MHD)

---------------------------------------------------------------------------- x

      **PLEASE TAKE NOTICE,** that defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, hereby submit for its initial disclosures that:

      a.     Individuals presently known to defendant who may have knowledge or information relevant to the events alleged in the complaint are:

          Plaintiff

          Another individual arrested at the same time as plaintiff[1]

          Police Officer Kenneth Baker, Shield 29152, Mid-Town South Detective Squad, 357 West 35th St, New York, NY 10001

          Individuals identified in the attached documents

---

[1] Another individual was arrested with plaintiff. This person's name and other identifying information has been redacted for privacy reasons and in accordance with N.Y.C.P.L. §160.50. Defendant will produce the name of this person to plaintiff subject to an appropriate Stipulation and Confidentiality order.

b.    The relevant documents are as identified below and are attached hereto:

New York City Police Department Arrest Report, Bearing Bates No. 1
New York City Police Department BADS/OLPA Printout Bearing Bates No. 2
New York County District Attorney's File,[2] bearing Bates Nos. 3-18
New York County Criminal Court Certificate of Disposition, bearing Bates No. 19
New York County Criminal Court File, bearing Bates Nos. 20-22

c.    Computation of damages:  Not applicable.

d.    Any insurance agreements:  Not applicable.

Dated:    New York, New York
          March 20, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                  City of New York
                              Attorney for Defendant
                              100 Church Street, Room 3-142
                              New York, New York 10007
                              (212) 676-1347

                              By:  _Brown_____
                                   Brooke Birnbaum
                                   Assistant Corporation Counsel

TO:    Mr. Gary Fish, Esq. (By Hand)

---

[2] The redactions made within the New York County District Attorney's File were made by the New York County District Attorney's Office.

2

RECORD STATUS: SEE PROMIS

ARREST Location: INSIDE OF 737 WEST 86 STREET

**Arrest Date:** 02-03-2005    Processing Type: ONLINE

**Time:** 20:00:00    DCJS Fax Number: M0007787

Sector: G    Special Event Code: -

DAT: NO

Stop And Frisk: NO    Return Date:

Serial #: 0000-000-00000

| COMPLAINTS: | | | | | Arrest #: M05609843 |
|---|---|---|---|---|---|

COMPLAINT NUMBER  REPORT DATE  RECORD STATUS    OCCUR DATE  OCCUR TIME

2005-024-00722    2005-02-03    Reserved # for Arrest 2005-02-03    14:30

| CHARGES: | Arrest #: M05609843 |
|---|---|

CHARGE  ATTEMPT?  LAW CODE  CLASS  TYPE  COUNTS  DESCRIPTION

TOP    No    PL 165.45 01 F    E    2  CPSP-4TH:PROPERTY VAL >$1000

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Ferfct: |
|---|---|---|---|---|---|

| DETAILS: | Arrest #: M05609843 |
|---|---|

ON NUMEROUS OCCASIONS DEFT DID PURCHASE STOLEN LAPTOP COMPUTERS FROM AN APPRE
HENDED INDIVIDUAL. PERP DID ALSO INSTRUCT PERP #1 TO PURCHASE 2 STOLEN LAPTOP
COMPUTERS FROM SAME APPREHENDED INDIVIDUAL DURING A FENCING LOCATION OPERATIO
N AT 737 WEST END AVE.

## DEFENDANT: BASSET, AHMED A    NYSID #:    Arrest #: M05609843

Nick/AKA/Maiden.    Height: 5FT 07IN    Order Of Protection: NO

Sex: MALE    Weight: 170    Issuing Court:

Race: OTHER    Eye Color: BROWN    Docket #:

Age: 23    Hair Color: BLACK    Expiration Date:

Date Of Birth: 06/14/1981    Hair Length: NORMAL    Relation to Victim: STRANGER

U.S. Citizen: NO    Hair Style: STRAIGHT    Living together: NO

Place Of Birth: EGYPT    Skin Tone: MEDIUM    Can be identified: YES

Need Interpreter: NO    Complexion: CLEAR

Language:

Accent: NO    Soc Security #:    Gang Affiliation: NO

Occupation: OTHER    Name:

Physical Condition: APPARENTLY NORMAL  Lic/Permit Type:    Identifiers:

Drug Used: NONE    Lic/Permit No:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 301 WEST 86 STREET | MANHATTAN | NEW YORK | 10026 | 4W | 024 |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: NO  N.Y.C. Housing Employee: NO  On Duty

Development:    N.Y.C Transit Employee: NO

Physical Force: NONE    Gun:    Used Transit System:

Weapon: NONE    Make:    Station Entered:

Other:    Color:    Time Entered:

:    Caliber:    Metro Card Type:

Type:    Metro Card Used/Poss:

Discharged: NO    Card #:

CRIME DATA    DETAILS

MODUS OPERANDI    PURCHASED STOLEN PROPERTY

ACTIONS TOWARD VICTIM UNK

CLOTHING    OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - UNKNOWN COLOR

CLOTHING    ACCESSORIES - - BLUE

CLOTHING    FOOTWEAR - SNEAKERS - GREEN

CLOTHING    HEADGEAR - UNK - UNKNOWN COLOR

CHARACTERISTICS    EYEGLASSES

BODY MARKS    -UNKNOWN

BODY MARKS    -UNKNOWN

000069

Arrest #: M05609843

INVOICE# COMMAND PROPERTY TYPE VALUE

| **ARRESTING OFFICER: POM KENNETH F BAKER** | | Arrest #: M05609843 |
|---|---|---|

| Tax Number: ███ | On Duty: YES | **Force Used: NO** |
| Other ID (non-NYPD): ███ | In Uniform: NO | Type. |
| Shield: 5785 | Squad: B | Reason: |
| Department: NYPD | Chart: 97 | Officer Injured: NO |
| Command: M PCT S Primary Assignment | | |

| | Tax #: ███ | Command: M PCT S | Agency: NYPD |
|---|---|---|---|
| Arresting Officer Name: POM BAKER, KENNETH | Tax #: ███ | Command: 014 | Agency: NYPD |
| Supervisor Approving: SGT STREMEL | Tax #: ███ | Command: 014 | Agency: NYPD |
| Report Entered by: SGT STREMEL | | | |

# END OF ARREST REPORT
## M05609843

000002



Defendants.

Police Officer Kenneth Baker, shield 05785 of the 014 Precinct-Midtown South Precinct, states as follows:

On February 3, 2005, at about 14:30 hours at 737 WEST END AVE in the County and State of New York, the Defendants committed the offenses of:

1.  PL165.45(1)   Criminal Possession of Stolen Property in the Fourth Degree
                  (defendant #1: 2 counts)
                  (defendant #2: 2 counts)

the defendants knowingly possessed stolen property valued over 1,000 dollars with intent to benefit a person other than an owner of the property and to impede recovery by an owner thereof.

The offenses were committed under the following circumstances:

Deponent states that he is informed by an informant, a person whose name and address are known to the District Attorney's Office that the defendants, acting together did purchase stolen laptops computers, in that, on February 3, 2005 at 737 West End Ave at about 2:30pm the informant approached defendant ████████ with two stolen laptop computers and informant asked defendant ████████ to go get defendant Basset to purchase the computers. Defendant ████████ told the informant that he would take care of him and asked the informant, in substance, "Show me what you got?" "and then defendant ████████ gave informant $150 for two laptop computers. Deponent further states that defendant ████████ admitted that he bought the two stolen laptops from the informant and that he was working for and under the direction of defendant Basset. Deponent states that he recovered the two laptop computers from behind the counter where defendant ████████ was standing, inside the above-mentioned location and that location is the store where defendant Basset works as well.
Deponent also states that defendant Basset also admitted that he previously bought at least two laptop computers from a person he knows who sells him stolen computers at the above-mentioned location.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

_____          2-4-05   1935 hr
Deponent                         Date and Time

ACT S Version 4.2.0 Created on 02/04/05 6:53 PM



**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BROOKE BIRNBAUM**
*Assistant Corporation Counsel*
(212) 676-1347
(212) 788-9776 (fax)

March 31, 2008

**BY HAND**
Honorable Harold Baer
United States District Judge
United States Courthouse, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    <u>Ahmed Bassett v. City of New York</u> 07-cv-08695 (HB)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action. For the reasons stated herein, defendant City of New York (1) respectfully requests that the Court deny plaintiff's request to amend the complaint to bring a claim for false arrest against Police Officer Kenneth Baker and/or Sergeant Stremel and (2) does not oppose plaintiff's request to amend the complaint to bring a claim for malicious prosection against Police Officer Kenneth Baker and/or Sergeant Stremel in this matter.

A.    <u>Any Claim for False Arrest brought against Police Officer Kenneth Baker and/or Sergeant Stremel is Barred by the Statute of Limitations and Would Not "Relate Back" to the Original Complaint.</u>

Any claim for false arrest against Police Officer Kenneth Baker and Sergeant Stremel is time-barred. It is well established that the statute of limitations for claims brought in New York under 42 U.S.C. § 1983 is three years. <u>Owens v. Okure</u>, 488 U.S. 235 (1989); <u>Pearl v. City of Long Beach</u>, 296 F.3d 76 (2d Cir. 2002). While plaintiff asserts that the statute of limitations on his false arrest claim did not accrue until the criminal charges brought against him were dismissed on May 18, 2005, he fails to cite any legal authority for this proposition. (See Plaintiff's Letter, dated March 24, 2008). In fact, the Supreme Court has recently held that the statute of limitations on a false arrest claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1100, 2007 U.S. LEXIS 2650, at *23 (February 21, 2007). This is because a claim for "false imprisonment consists of detention without legal process, [and] a false imprisonment ends once the victim becomes held pursuant to such process -- when, for example, he is bound over by a magistrate or arraigned on charges." <u>Wallace</u>, 127 S. Ct at 1096 (internal citations omitted). In the instant action, plaintiff was arraigned on February 5, 2005, and thus, the statute of limitations on this claim expired on February 5, 2008.

As the Court is aware, a party may amend a complaint after the statute of limitations expires to add additional defendants only if the amendment would "relate back" to the date that the original complaint was filed. Shell v. Brzezniak, 365 F. Supp. 2d 362, 367 (W.D.N.Y. 2005); see also Young-Flynn v Kelly, 234 F.R.D. 70, 73-74 (S.D.N.Y. March 15, 2006). An amendment "relates back" to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if, within the time period provided by Rule 4(m) for service of summons, the party to be brought in by amendment (1) has received such notice of the institution of the action that a party will not be prejudiced, and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c); See also Ortiz v. City of New York, 04 Civ. 1285 (JSR)(RLE), 2005 U.S. Dist. LEXIS 15807 at *6 (S.D.N.Y. ___ 2005). Thus, plaintiff must demonstrate that any new defendants received notice of ___ ___ them within 120 days of the filing of the original complaint. Fed. R. Civ. P. ___ v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1995), amended ___ Cir. 1995). Inability to demonstrate notice is fatal to an attempt to have claims ___ the filing of the original complaint. Ortiz, 2005 U.S. Dist. LEXIS 15807 at *7-*8; ___ City of New York, 700 F. Supp. 202, 205 (S.D.N.Y. 1988).

___ Moreover, the Second Circuit has held that "'an amended complaint adding new ___ [cannot] relate back if the newly-added defendants were not named originally ___ the plaintiff did not know their identities.'" Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (quoting Barrow, 66 F.3d at 470). This is because "such amendments do not satisfy Rule 15(c)'s requirement that the omission of the newly-added party be the result of 'a mistake concerning the identity of the proper party,' because they 'seek to correct a lack of knowledge rather than a mistake of fact or law.'" Sidney v. Wilson, 228 F.R.D. 517, 520 (S.D.N.Y. June 24, 2005) (quoting Fed R. Civ. P. 15(c) and Vineyard v. County of Nassau, 329 F. Supp. 2d 364, 369 (E.D.N.Y. 1994)); see also Young-Flynn, 234 F.R.D. at 74. In Sidney, the court went on to explain that "Second Circuit doctrine as well as the Advisory Committee Notes, counsel against interpreting ignorance of a party's name as a 'mistake' under Rule 15(c)." 228 F.R.D. at 520.

Plaintiff does not argue that Police Officer Kenneth Baker and/or Sergeant Stremel had any notice nonetheless "actual notice" of this action within 120 days of the filing of the original complaint, but instead argues in his March 24, 2008 letter to the Court that the City:

"was on actual notice at the time of the filing of subject lawsuit on October 9, 2007 that foreseeable defendants included agents, servants and/or employees of defendant The City of New York, which would foreseeably include within its ambit New York City police officers whose names were disclosed to me on March 20, 2008. No prejudice exists therefore in allowing the proposed party defendants amendments."

In order to impute knowledge of a lawsuit to a new defendant represented by the same attorney as other defendants in the case, plaintiff must show that the attorneys "knew or should have known" that the new defendant would be named. See Gleason v. McBride, 869 F.2d 688, 693 (2d Cir. 1989). In the present case, defense counsel had no reason to know, within 120 days of the filing of the original complaint, that plaintiff would attempt to add Police Officer Kenneth Baker and Sergeant Stremel as parties to this matter. As an initial matter, "[p]laintiff named no

-2-

John Doe defendants in his original Complaint to place unnamed parties on notice of his claims." Sedney v. Winter, 98 Civ. 9006 (RMB), 2002 U.S. Dist. LEXIS 23308, at *10 (S.D.N.Y. October 21, 2002). In addition, there was no mention of a Police Officer Kenneth Baker or a Sergeant Stremel, in the body of the complaint. (See Plaintiff's Complaint).

Even assuming, *arguendo*, that plaintiff could meet the notice requirement, plaintiff cannot show that his failure to name Police Officer Kenneth Baker and Sergeant Stremel in the original complaint was a mistake. As noted above, the Second Circuit has held that a lack of knowledge does not amount to a "mistake" under Rule 15(c). See Barrow, 66 F.3d at 470 ("the failure to identity individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake. . . Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are [not met]"). In this matter, plaintiff fails to articulate any reason whatsoever as to why he failed to [name] Kenneth Baker and Sergeant Stremel as defendants in this matter. Thus, [plaintiff cannot satisfy the requirements] as articulated by the Second Circuit's interpretation of Fed. R. Civ. [P. See Davis] v. City of New York, 98 Civ. 8800 (HB), 1999 U.S. Dist. LEXIS [xxxx] (S.D.N.Y. August 5, 1999), aff'd 2000 U.S. App. LEXIS 11895 (2d Cir. May [1999]) [for relation back purposes where plaintiff could have learned identities of [defendants by obtaining] a copy of CCRB investigation or obtaining police reports "in conjunction [with the criminal proceeding] that was available to the plaintiff during his criminal proceedings" prior to the [filing of] the original complaint); Barrow, 66 F.3d at 470; Godlewska v. HDA, Human Dev. [Assoc.], Inc., CV-03-3985 (DGT) (JMA), 2006 U.S. Dist. LEXIS 30519 at *6-.*10 (E.D.N.Y. May 18, 2006) (proposed amendment to add additional individual defendants does not relate back to the original complaint since lack of knowledge does not amount to a mistake); Sidney, 228 F.R.D. at 519-520 (same); Green v. New York City Dept. of Correction, 93 Civ. 3360 (SAS), 1997 U.S. Dist. LEXIS 2293, at *13-*15 (S.D.N.Y. March 3, 1997) (same); Vineyard, 329 F. Supp. 2d at 369. Thus, there was no "mistake," other than a lack of knowledge, that plaintiff is seeking to correct through this amendment.

Moreover, while plaintiff maintains that Police Officer Kenneth Baker and Sergeant Stremel will not be prejudiced by this amendment, defendant disagrees. The alleged incident occurred on or about February 3, 2005, which is over three years ago. Plaintiff has failed to articulate any reason whatsoever as to why he waited so long to file this law suit. Moreover, plaintiff's delay potentially causes problems with Police Officer Kenneth Baker and Sergeant Stremel's memory and recollection of the incident.

Therefore, any amendment of plaintiff's complaint to add a false arrest claim against Police Officer Kenneth Baker and Sergeant Stremel would be futile, since the statute of limitations has expired, and any amendment would not relate back to the original complaint. Accordingly, defendant respectfully requests that the Court deny plaintiff's request to amend the complaint to add a claim for false arrest against Police Officer Kenneth Baker and Sergeant Stremel in this matter.

**B.** <u>A Claim for Malicious Prosecution brought against Police Officer Kenneth Baker and/or Sergeant Stremolfi is Not Barred by the Statute of Limitations.</u>

Defendant respectfully informs the Court that the statute of limitations on plaintiff's malicious prosecution claim has not expired and therefore, defendant does not oppose this request.

I thank Your Honor for considering the within requests.

Respectfully submitted,

Brooke Birnbaum (BB 8338)
Assistant Corporation Counsel

- 4 -

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# JUDGE BAER United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

AHMED A. BASSETT

**SUMMONS IN A CIVIL CASE**

V.

THE CITY OF NEW YORK

CASE NUMBER **07 CIV 8695**

TO: (Name and address of defendant)

The City of New York, 530 Municipal Building, NY NY 1000,

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gary A. Fish
Gary S. Fish Esq
15 Maiden Lane # 1108
NY NY 10038; (212) 964-5100

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**
*CLERK

OCT 0 9 2007

DATE

(BY) DEPUTY CLERK

GE BAER

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
New York, New York 10038
(212) 964-5100



**07 CIV 8695**

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X CASE NO.:

AHMED A. BASSETT,                                 PLAINTIFF'S COMPLAINT

        PLAINTIFF,                           (Plaintiff Demands a Trial By Jury
                                                 Of All Issues Herein)
        -against-

THE CITY OF NEW YORK,

        DEFENDANT.
——————————————————————————X

The plaintiff, by and through his attorney Gary S. Fish, Esq., complains of

defendant as follows:

## I. PARTIES AND JURISDICTION

1. On or about February 3, 2005, and at all times relevant herein, the plaintiff resided and

resides at 301 West 96th Street, New York, New York 10025.

2. On or about February 3, 2005, and at all times relevant herein, on information and belief,

the defendant The City of New York was and is on information and belief, a municipal

corporation lawfully organized and existing under the laws of the State of New York, and on

said date and at all times relevant herein, said defendant had and has its principal place of

business located at 530 Municipal Building, New York, New York 10007.

3. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court herein has original jurisdiction

to redress the deprivation of civil rights under color of any State law, statute, ordinance of any

-1-

right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of

citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein.

4. Pursuant to 28 U.S.C. Section 1391(b) in a case where jurisdiction is not solely founded on

diversity jurisdiction, such as the present case, venue is proper where the defendant resides or

a judicial district where a substantial part of the events giving rise to the claim occurred, and

venue is proper therefor in the United States District Court, Southern District of New York.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983)

5. On or about February 3, 2005, plaintiff, an Egyptian-American, was working as an

independent contractor at a family business known as West End Deli, 96th and West End Avenue,

New York, New York 10025

6. On or about February 3, 2005, the defendant and/or its agents, servants and/or employees

wrongly, intentionally, and falsely accused the plaintiff of knowingly receiving stolen

merchandise, to wit, computers and components, and, without warrant and probable cause,

arrested the plaintiff, and charged him with a felony, Penal Law Section 165.45, People of the

State of New York v. Ahmed A. Basset, Docket #: 2005NY008717.

7. Plaintiff was intentionally, wrongfully and without probable cause, falsely confined as a result

of the subject false arrest.

8. On or about May 18, 2005, per Certificate of Disposition #: 43046 attached hereto, The

Court, per Judge Martin Murphy in People of the State of New York v. Ahmed A. Basset,

dismissed the case against the plaintiff. This dismissal was at the request of the Assistant District

Attorney, on the ground that The People, at this pre-trial stage, admitted it could not prove its

-2-

case against plaintiff (defendant therein) beyond a reasonable doubt.

9. Plaintiff was prosecuted maliciously, intentionally and without probable cause.

10. The false arrest, and/or false imprisonment and/or malicious prosecution of the plaintiff, an Egyptian- American Male, was wrongful, intentional, without justification and/or without probable cause, was part of a substantial and continuous pattern of wrongdoing and stereotypical racial and/or ethnic profiling and discrimination by the defendant against Egyptian-Americans, and plaintiff was thereby denied equal rights, protection, privileges and immunities protected under law pursuant to 42 U.S.C. Section 1983.

11. The violation of plaintiff's rights secured under 42 U.S.C. Section 1983, was malicious, oppressive, egregious and opprobrious, was calculated to and did result in the loss of his liberty and property rights, and defendant is liable for punitive and exemplary damages as a result thereof.

12. As a direct result of defendant's violations of plaintiff's rights, privileges and immunities secured under 42 U.S.C. Section 1983, the plaintiff was caused to incur and will incur reasonable attorney fees and costs.

WHEREFORE, plaintiff prays for relief as follows:

1. For damages in the amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00);

2. For punitive and exemplary damages in the amount of One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00);

3. For reasonable attorney fees and costs;

4. For disbursements; and

-3-

5. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
           OCTOBER 9, 2007

Respectfully submitted,

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
NY, NY 10038; (212) 964-5100

-4-

L COURT OF THE CITY OF NEW YORK
OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:    43046

PEOPLE OF THE STATE OF NEW   YORK
VS

ASSET,AHMED A
Defendant

05/14/1981
Date of Birth

301 WEST 96 STREET
Address

6129097R
NYSID Number

MANHATTAN                     NY
City                    State    Zip

02/03/2005
Date of Arrest/Issue

Docket Number: 2005NY008717

Summons No:

165.45
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 05/18/2005 | DISMISSED AND SEALED | MURPHY,MARTIN | F |

**SEALED**

pursuant to Section 160.50 of the CPl

I. HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

PRANCKEVIC,M
COURT OFFICIAL SIGNATURE AND SEAL

08/03/2005
DATE        FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
    SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
New York, New York 10038
(212) 964-5100

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X CASE NO.: 07 CV 8695

AHMED A. BASSETT,

                    PLAINTIFF,

                    -against-

THE CITY OF NEW YORK, KENNETH BAKER,
and SERGEANT STREMEL,

                    DEFENDANT.
-----------------------------------------------------------------X

PLAINTIFF'S PROPOSED
FIRST AMENDED COMPLAINT

(Plaintiff Demands a Trial By Jury
Of All Issues Herein)

The plaintiff, by and through his attorney Gary S. Fish, Esq., sets forth the following

as his proposed First Amended Complaint.

## I. PARTIES AND JURISDICTION

1. On or about February 3, 2005, and at all times relevant herein, the plaintiff resided and

resides at 301 West 96th Street, New York, New York 10025.

2. On or about February 3, 2005, and at all times relevant herein, on information and belief,

the defendant The City of New York was and is on information and belief, a municipal

corporation lawfully organized and existing under the laws of the State of New York, and on

said date and at all times relevant herein, said defendant had and has its principal place of

business located at 530 Municipal Building, New York, New York 10007.

3. On or about February 3, 2005, and at all times relevant herein, defendant Kenneth Baker

-1-

on information and belief was and is a police officer, shield #29152, assigned to Mid-Town

South Detective Squad, 357 West 35th Street, NY, NY 10001, and each act of wrongdoing

hereinafter alleged to have been committed by this defendant was within the scope of his

agency and/or authority and/or employment by defendant The City of New York.

4. On or about February 5, 2005, and at all times relevant herein, on information and belief,

defendant Sergeant Stremel was and is defendant Baker's supervising officer assigned to

Mid-Town South Detective Squad, and each act of wrongdoing hereinafter alleged to have

been committed by this defendant was within the scope of his agency and/or authority and/or

employment by defendant The City of New York.

5. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court herein has original jurisdiction

to redress the deprivation of civil rights under color of any State law, statute, ordinance of any

right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of

citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein.

6. Pursuant to 28 U.S.C. Section 1391(b) in a case where jurisdiction is not solely founded on

diversity jurisdiction, such as the present case, venue is proper where the defendant resides or

a judicial district where a substantial part of the events giving rise to the claim occurred, and

venue is proper therefor in the United States District Court, Southern District of New York.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983)

7. On or about February 3, 2005, plaintiff, an Egyptian-American, was working as an

independent contractor at a family business known as West End Deli, 96th and West End Avenue,

New York, New York 10025

-2-

8. On or about February 3, 2005, the defendants and each of them, wrongly, intentionally, and falsely accused the plaintiff of knowingly receiving stolen merchandise, to wit, computers and components, and, without warrant and probable cause, arrested the plaintiff, and charged him with a felony, Penal Law Section 165.45, People of the State of New York v. Ahmed A. Basset, Docket #: 2005NY008717.

9. Plaintiff was intentionally, wrongfully and without probable cause, falsely confined as a result of the subject false arrest by defendants.

10. On or about May 18, 2005, per Certificate of Disposition #: 43046 attached hereto, The Court, per Judge Martin Murphy in People of the State of New York v. Ahmed A. Basset, dismissed the case against the plaintiff. This dismissal was at the request of the Assistant District Attorney, on the ground that The People, at this pre-trial stage, admitted it could not prove its case against plaintiff (defendant therein) beyond a reasonable doubt.

11. Plaintiff was prosecuted maliciously, intentionally and without probable cause.

12. The false arrest, and/or false imprisonment and/or malicious prosecution of the plaintiff, an Egyptian- American Male, by defendants, and each of them, was wrongful, intentional, without justification and/or without probable cause, was part of a substantial and continuous pattern of wrongdoing and stereotypical racial and/or ethnic profiling and discrimination by the defendants against Egyptian-Americans, and plaintiff was thereby denied equal rights, protection, privileges and immunities protected under law pursuant to 42 U.S.C. Section 1983, by the defendants.

13. The violation of plaintiff's rights secured under 42 U.S.C. Section 1983, was malicious, oppressive, egregious and opprobrious, was calculated to and did result in the loss of

-3-

his liberty and property rights, and defendant is liable for punitive and exemplary damages as a result thereof.

14. As a direct result of defendant's violations of plaintiff's rights, privileges and immunities secured under 42 U.S.C. Section 1983, the plaintiff was caused to incur and will incur reasonable attorney fees and costs.

WHEREFORE, plaintiff prays for relief as follows:

1. For damages in the amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00);

2. For punitive and exemplary damages in the amount of One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00);

3. For reasonable attorney fees and costs;

4. For disbursements; and

5. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
       APRIL 28, 2008

Respectfully submitted,

Gary S. Fish, Esq. (GSF 6651)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
NY, NY 10038; (212) 964-5100

-4-

L COURT OF THE CITY OF NEW YORK
OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:   43046

PEOPLE OF THE STATE OF NEW   YORK
VS

ASSET,AHMED A
Defendant

<u>05/14/1981</u>
Date of Birth

301 WEST 96 STREET
Address

<u>6129097R</u>
NYSID Number

<u>MANHATTAN</u>          <u>NY</u>
City              State   Zip

<u>02/03/2005</u>
Date of Arrest/Issue

Summons No:

Docket Number: 2005NY008717

<u>165.45</u>
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 05/18/2005 | DISMISSED AND SEALED | MURPHY,MARTIN | F |



SEALED

pursuant to Section 160.50 of the CPL

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

<u>PRANCKEVIC,M</u>
COURT OFFICIAL SIGNATURE AND SEAL

<u>08/03/2005</u>
DATE          FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

to the date of the original complaint only if: (1) the claim arises out of conduct set forth in the original pleading; (2) the party to be added received notice such that he or she will not be prejudiced in maintaining a defense; (3) the party to be added should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third requirements are fulfilled within the period prescribed in Fed. R.Civ.P. 4(m) for service of process. *See* Fed.R.Civ.P. 15(c)(3); *Soto*, 80 F.3d at 35; *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468–69 (2d Cir.1995), *modified*, 74 F.3d 1366 (2d Cir.1996).

[4]  Plaintiff's first and third claims fail. He has not met any of the requirements outlined above, although it is the third requirement that is clearly fatal to the claims. Plaintiff alleges that he could not have named these defendants in the original pleading because he was not aware of their names until he requested information from the New York State Attorney General's Office in March 2001. (*See* Dkt. # 18, Exs. 15, 16, and 17). Even if this were the case, it does not constitute a "mistake" within the meaning of Rule 15(c). The Second Circuit has held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow*, 66 F.3d at 470.

Plaintiff's failure to bring these claims against defendants during the applicable limitations period, therefore, is not based on a "mistake of identity" but is based on a lack of knowledge of defendants' identities. Thus, the claims do not relate back to the original pleading. *See Barrow*, 74 F.3d at 1367 ("the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."); *Covington v. City of New York*, No. 95 Civ. 0196, 1997 WL 311922, *1 (S.D.N.Y. June 10, 1997) (denying plaintiff's request to amend complaint to identify one of "12 Unknown Members of the Manhattan South Tactical Narcotics Team" because his failure to identify them earlier was "clearly due to his lack of knowledge of their names rather than due to factual or legal mistake"); *Daniels v. Loizzo*, 174 F.R.D. 295, 300 (S.D.N.Y.1997) (noting that attempt to supply names would not be allowed where the amendment would only correct plaintiff's lack of knowledge, not a mistake); *Steiner v. City of New York*, 920 F.Supp. 333, 341–42 (E.D.N.Y.1996).

[5]  Plaintiff's reliance on the "continuing violation" or "continuing harm" rule is misplaced. Plaintiff does not allege that defendants continued to be involved with his medical care after March or April 1997. Having failed to allege any conduct by defendants that would fall within the timely filing period, the rule does not save his claims. *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir.1995) (to assert a continuous violation, plaintiff must allege that defendants violated his constitutional rights during the filing period); *Verley v. Goord*, No. [...] 1182, 2004 WL 526740, *7 (S.D.N.Y. [...] 23, 2004) (dismissing as untimely [...] for deliberate indifference of serious medical needs where defendants' [...] consisted of isolated acts that [...] over three years before the complaint filed).

[6]  Moreover, plaintiff's [...] amend to add deliberate [...] claims is denied for the additional [...] that plaintiff engaged in [...] his original complaint, plaintiff [...] a fleeting reference to [...] "denial of medical attention" [...] 5). As a result, upon initial [...] *pro se* complaint pursuant [...]

§ 19 [...]
Cour [...]
delibe [...]
He th [...]
amen [...]
ticula [...]
for [...]
needs [...]
plicitl [...]
Court [...]
claims [...]
ter fil [...]
not in [...]
(Dkts. [...]
he ab [...]
appar [...]
(Dkt.# [...]
denied [...]
mate [...]
dants [...]
  Plair [...]
first an [...]
alleged [...]
March [...]
claims [...]
III.  S [...]
[71 [...]
dan [...]

Elfvin of this court held that plaintiff had not alleged a [...] indifference claim. (Dkt. # 5). [...] plaintiff an opportunity to amend his complaint to set forth with particularity his Eighth Amendment claims [...] deliberate indifference to medical [...] Plaintiff, however, ex[...] to do so, informing the Court that he was not pursuing medical claims. (See Dkts. # # 6, 7). He thereafter filed a first amended complaint that did not include deliberate indifference claims. (Dkts. # # 13, 14). More than a year after he abandoned these claims, plaintiff now apparently has changed his mind. (Dkt. # 18, p. 9, n. 1). That request is denied. Plaintiff has not offered any legitimate basis for the undue delay, and defendants would suffer prejudice.

Plaintiff's motion to amend to add the first and third claims based on defendants' alleged indifference to his medical needs in March and April 1997 is denied, as those claims are untimely.

### III. Second Claim—Retaliatory Assault on March 24, 1997

[7]  Plaintiff's proposed second amended claim alleges that defendants Brun, Brzezniak, Pirrami, and Cunningham (and now, according to plaintiff, defendant Gold[...]) violated his constitutional rights by assaulting him on March 24, 1997 in retaliation for his filing grievances against other correctional officers. By Decision and Order dated March 31, 2005, I previously

4. That plaintiff casts this claim as one for "retaliation" for filing grievances and not "excessive force" is of no consequence. There is an identity of issue between the Court of Claims action and this claim that was necessarily decided in defendants' favor. A judgment in favor of plaintiff on this claim would impair the finding of Judge NeMoyer that no unreasonable force was applied by defendants during the attack. See Dkt. # 44

granted summary judgment in favor of defendants Brun, Brzezniak, Pirrami, and Cunningham based on collateral estoppel, in light of the prior Court of Claims action, and dismissed the claim with prejudice. (Dkt. # 44).  Plaintiff cannot amend his complaint, therefore, to assert this claim again.[4]

### IV.  Fourth Claim—Failure-to-Protect

Plaintiff styles his proposed fourth amended claim as one for "breach of duty to protect" against defendants Kelly, McCray, Cunningham, O'Connell, Laskowski, Struebel, and Eagen. The allegations set forth in the fourth claim, however, are the same allegations plaintiff asserts in his first, second, and third claims against defendants. For the same reasons I denied plaintiff's motion to amend to add these claims, supra, I deny plaintiff's motion to amend to add the fourth claim.

### V.  Fifth and Ninth Claims—Inadequate Processing of Grievances

Plaintiff alleges that defendants Struebel, Eagen, Reams, and Stinson violated his First Amendment rights by failing to file and process various grievances and appeals in accordance with the Inmate Grievance Program at Attica and Great Meadow. These allegations fail to state a claim upon which relief can be granted.

[8–11]  The First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances. See and cases cited therein; see also Collard v. Incorporated Village of Flower Hill, 604 F.Supp. 1318, 1323 (E.D.N.Y.1984), aff'd, 759 F.2d 205 (2d Cir.1985) (the "[b]asis of establishing an identity of issues is broader and more practical", than requiring "[a] showing that the issue in the prior action was framed in the same language or that the same theory of liability was charged as in the subsequent action.").

AFFIRMATION OF SERVICE

I, Gary S. Fish, Esq., an attorney duly licensed to practice law before the United States District Court, Southern District of New York, hereby affirm under penalties of perjury as follows:

1. I am the attorney for plaintiff, and I am not a party to this action.

2. That on April 29, 2008, I served by way of first class mail postage prepaid in a U.S. Postal depository, addressed to the last known address of the attorneys for defendant, Plaintiff Notice of Motion to Amend to name party defendants Baker and Stremel, Declaration of Gary S. Fish, Esq., in support of motion to amend, defendant's March 20, 2008 Disclosure Form, the Brooke Birnbaum, Esq., Assistant Corporation Counsel 3-31-08 letter to the Court, the attached summons and complaint, the proposed Amended Complaint, and all attachments, as follows:

Brooke Birnbaum, Esq., Assistant Corporation Counsel, Office of Corporation Counsel Michael Cardozo, Esq., Attorneys for Defendant The City of New York, 100 Church Street, NY, NY 10007

Gary S. Fish, Esq. (GSF 6551)