07-cv-08695 (HB) (MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED A. BASSETT,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK,

                              Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church St.*
*New York, N.Y. 10007*
Of Counsel:  Brooke Birnbaum
Tel:  (212) 676-1347

## TABLE OF CONTENTS

**Page**

Preliminary Statement .................................................................................................................. 1

Statement of Facts and Procedural History .................................................................................. 1

Standard of Review ...................................................................................................................... 2

Argument ...................................................................................................................................... 3

    Plaintiff's Motion to Amend the Complaint to add a Claim for False Arrest against Police Officer Baker and/or Sergeant Stremel should be Denied because it is Futile. ...................... 3

        A. Statute of Limitations ................................................................................................. 3

        B. The Proposed Amended Complaint does not Relate Back to the Original Complaint . 4

            1. Plaintiff Cannot Meet the Notice Requirement of Federal Rule of Civil Procedure 15(c) .................................................................................................................... 4

            2. Plaintiff's Failure to Name Police Officer Baker and/or Sergeant Stremel was the Result of Lack of Knowledge ........................................................................... 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
AHMED A. BASSETT,

                              Plaintiffs,

                                                                             07-cv-08695 (HB) (MHD)

            -against-

THE CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT.

### PRELIMINARY STATEMENT

Defendant submits this memorandum of law in opposition to plaintiff's motion to amend the complaint to add a claim for false arrest against Police Officer Baker and Sergeant Stremel in this matter. Defendant acknowledges that plaintiff's request to amend the complaint to add a claim for malicious prosecution against Police Officer Baker and Sergeant Stremel is not time barred and therefore, defendant does not oppose that amendment.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he was arrested by New York City Police Officers on or about February 3, 2005. (Complaint, annexed to the Declaration of Brooke Birnbaum, dated May 14, 2008 (hereinafter "Birnbaum Decl.") at Exhibit "A", at ¶ 6). Plaintiff further alleges that all of the criminal charges brought against him were dismissed on May 18, 2005. (Exhibit A at ¶ 8). Plaintiff filed the instant action on or about October 9, 2007. (Exhibit A).

## STANDARD OF REVIEW

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given where justice so requires." Fed. R. Civ. P. 15(a). To determine whether "justice so requires" permitting leave to amend a complaint, the Court considers whether the amendment "(1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp 300, 303 (S.D.N.Y. 1996) aff'd 116 F.3d 465 (2d Cir. 1997) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). A proposed amendment is futile when it fails to state a claim. Health-Chem Corp., v. Baker, 915 F.2d 805, 810 (2d. Cir. 1990)("Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied."); Mina Inv. Holdings Ltd., v. Lefkowitz, 184 F.R.D. 245, 257 (S.D.N.Y. 1999). Futility exists where the claims plaintiff seeks to add are barred by the statute of limitations or are unlikely to be productive. Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000). While ordinarily futility is based on whether the proposed amended complaint would survive a motion to dismiss, "a number of courts have held that a summary judgment standard may be applied and leave to amend denied outright should the party seeking amendment fail to satisfy that standard." Republic Nat'l Bank v. Hales, 75 F. Supp. 2d 300, 308-309 (S.D.N.Y. 1999) (surveying the cases).

## ARGUMENT

### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A CLAIM FOR FALSE ARREST AGAINST POLICE OFFICER BAKER AND/OR SERGEANT STREMEL SHOULD BE DENIED BECAUSE IT IS FUTILE.

Plaintiff's application to add a claim for false arrest against Police Officer Baker and/or Sergeant Stremel should be denied because such amendment would be futile; plaintiff's false arrest claim is barred by the application statute of limitations and it does not relate back to the complaint.

### A. Statute of Limitations

It is well established that the statute of limitations for claims brought in New York under 42 U.S.C. § 1983 is three years. Owens v. Okure, 488 U.S. 235 (1989); Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002). The statute of limitations on a false arrest claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 127 S. Ct. 1091, 1100, 2007 U.S. LEXIS 2650, at *23 (February 21, 2007). The statutory limitations period is not discretionary, and may not be extended beyond the applicable limitations date. See New York Civil Practice Law and Rules, § 201 ("An action . . must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement. No court shall extend the time limited by law for the commencement of an action").

In the present case, plaintiff was arraigned on February 5, 2005, and thus the statute of limitations on his false arrest claim expired on February 5, 2008. Accordingly,

plaintiff's proposed amendment to the complaint to add a claim for false arrest against Police Officer Baker and/or Stremel is futile because it is barred by the statute of limitations.

### B. The Proposed Amended Complaint does not Relate Back to the Original Complaint

A party may amend its complaint after the statute of limitations expires to add additional defendants only if the amendment would "relate back" to the date that the original complaint was filed. Shell v. Brzezniak, 365 F. Supp. 2d 362, 367 (W.D.N.Y. 2005); see also Young-Flynn v Kelly, 234 F.R.D. 70, 73-74 (S.D.N.Y. March 15, 2006).[1]

An amendment "relates back" to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if, within the time period provided by Rule 4(m) for service of summons, the party to be brought in by amendment (1) has received such notice of the institution of the action that a party will not be prejudiced, and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c); See also Ortiz v. City of New York, 04 Civ. 1285 (JSR)(RLE), 2005 U.S. Dist. LEXIS 15807 at *6 (S.D.N.Y. August 1, 2005).

#### 1. Plaintiff Cannot Meet the Notice Requirement of Federal Rule of Civil Procedure 15(c)

In order to satisfy the notice requirement set forth in Fed. R. Civ. Pro. 15(c), plaintiff must demonstrate that any new defendants received notice of the claims against them within 120 days of the filing of the original complaint. Fed. R. Civ. P. 4(m), 15(c)(3); Barrow v.

---

[1] In plaintiff's motion, he, "stipulates to the defense [sic] contention raised in Assistant Corporation Counsel Brooke Birnbaum, Esq.'s March 31, 2008 letter to Judge Baer, Jr., contending that this is not a 'relation back' case." See Plaintiff's Application at p. 4, ¶ 7. Nonetheless, plaintiff's argument rests partially on the policy behind the relation-back concept and therefore, defendant addresses herein the arguments that supersede plaintiff's stipulation.

4

Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1995), am. 74 F.3d 1366 (2d Cir. 1996). Inability to demonstrate notice is fatal to an attempt to have claims relate back to the filing of the original complaint. Ortiz, 2005 U.S. Dist. LEXIS 15807 at *7-*8; Giannini v. City of New York, 700 F. Supp. 202, 205 (S.D.N.Y. 1988).

In the present case, plaintiff cannot meet the notice requirement of Rule 15(c); neither Police Officer Baker nor Sergeant Stremel had actual or construction notice of the institution of the action within 120 days of the filing of the original complaint. Plaintiff filed his complaint on October 9, 2007 and therefore, Police Officer Baker and Sergeant Stremel needed to be put on notice by February 9, 2008. On March 24, 2008, over a month past the deadline imposed by Fed. R. Civ. Pro 15(c), plaintiff sought the Court's permission to amend the complaint. Thus, plaintiff clearly cannot meet the Fed. R. Civ. Pro 15(c) notice requirement and therefore, his proposed amendment to add a claim for false arrest against Police Officer Baker and Sergeant Stremel should be denied.

### 2. Plaintiff's Failure to Name Police Officer Baker and/or Sergeant Stremel was the Result of Lack of Knowledge

The Second Circuit has held that "'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (quoting Barrow, 66 F.3d at 470). This is because "such amendments do not satisfy Rule 15(c)'s requirement that the omission of the newly-added party be the result of 'a mistake concerning the identity of the proper party,' because they 'seek to correct a lack of knowledge rather than a mistake of fact or law.'" Sidney v. Wilson, 03 Civ. 830 (VM), 2005 U.S. Dist. LEXIS 12429, at *9-*10 (S.D.N.Y. June 24, 2005) (quoting Fed R. Civ. P. 15(c) and Vineyard v. County of Nassau, 329 F. Supp. 2d 364, 369 (E.D.N.Y. 1994)); see also Young-Flynn, 234 F.R.D. at 74. In

5

Sidney, the court went on to explain that "Second Circuit doctrine as well as the Advisory Committee Notes, counsel against interpreting ignorance of a party's name as a 'mistake' under Rule 15(c)." 2005 U.S. Dist. LEXIS 12429 at *10.

### a. Sergeant Stremel

In plaintiff's application, he essentially admits that the reason he did not name Sergeant Stremel, "as a party defendant prior to February 5, 2008 (The 3 year Statute of Limitations) because he was unaware of the existence of said individual." (Plaintiff's Application at p. 3, ¶ 6). However, it is well-settled under Rule 15(c) that, "'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995), amended 74 F.3d 1366 (2d Cir. 1996)). The majority of the courts who have considered the issue have held that state and federal law employ the same standard when deciding whether an amended complaint relates back to the original complaint, and under either state or federal law, an amendment seeking to correct a lack of knowledge does not relate back to the original complaint, since it is not considered a mistake. See, e.g., Sloane v. Town of Greenburgh, 01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107 at *10 (S.D.N.Y. July 27, 2005) (at least with respect to the mistake prong of the relation back rule, "New York's relation back law employs the same standard as the federal rule.") (citing Bass v. World Wrestling Fed'n Entm't, 129 F. Supp.2d. 491, 508 n.13 (E.D.N.Y. 2001)) (other citation omitted); Sidney v. Wilson, 228 F.R.D. 517, 521 (S.D.N.Y. June 24, 2005) ("…'New York's relation back law employs a similar standard as the federal rule'" and thus amendment to correct lack of knowledge does not relate back to the original complaint under state law since it is not a

6

"mistake") (internal citations and quotations omitted); Sepulveda v. City of New York, 01 Civ. 3117 (GBD), 2003 U.S. Dist. LEXIS 15182, at *9, n. 4 (S.D.N.Y. August 22, 2003) ("district courts in this circuit have found that New York's relation back law employs a similar standard as the federal rule.")(internal citations omitted); Corcoran v. New York Power Auth., 935 F. Supp. 376, 393, n. 24 (S.D.N.Y. 1996) ("New York and Federal Rules regarding relation back are similar and courts in the Second Circuit have not distinguished the two.") (quoting Morse/Diesel v. Fidelity & Deposit Co., 86 Civ. 1494 (DLC), 1995 U.S. Dist. LEXIS 8264 at *19, n.5 (S.D.N.Y. June 15, 1995) (citing The Travelers Insurance Co. v. 633 Third Avenue Associates, 14 F.3d 114, 125 (2d Cir. 1994)).

Moreover, plaintiff's argument that he, "first learned of the existence of Sergeant Stre[m]el and his involvement in the alleged false arrest and false imprisonment and malicious prosecution of plaintiff under Section 1983, on March 20, 2008, when Assistant Corporation Counsel Brooke Birnbaum, Esq., attorneys for defendant The City of New York made this Rule 26 disclosure to me immediately prior to the Pretrial Conference before Judge Baer, Jr.," is completely misplaced.

The large majority of documentation provided in defendant's initial disclosures, dated March 20, 2008, was the New York County District Attorney's Office File regarding plaintiff's arrest. Within that file is a copy of plaintiff's New York City Police Department Arrest Report, which names Sergeant Stremel. (Plaintiff's Application at pp. 8-9). This is a document that plaintiff could have obtained from the District Attorney's Office if he so chose and therefore, plaintiff could have obtained Sergeant Stremel's identity within the statute of limitations period.

As Your Honor has previously ruled, there is no mistake for relation back purposes where plaintiff could have learned identities of officers by obtaining police reports in conjunction with the discovery that was available to the plaintiff during his criminal proceedings prior to the filing of the original complaint. See, e.g., Bove v. City of New York, 98 Civ. 8800 (HB), 1999 U.S. Dist. LEXIS 12112 at *9--*11 (S.D.N.Y. August 5, 1999), aff'd 2000 U.S. App. LEXIS 11895 (2d Cir. May 24, 2000)(no mistake for relation back purposes where plaintiff could have learned identities of officers by requesting a copy of CCRB investigation or obtaining police reports "in conjunction with the discovery that was available to the plaintiff during his criminal proceedings" prior to the filing of the original complaint); Barrow, 66 F.3d at 470; Godlewska v. HDA, Human Dev. Ass'n., Inc., CV-03-3985 (DGT) (JMA), 2006 U.S. Dist. LEXIS 30519 at *6-*10 (E.D.N.Y. May 18, 2006) (proposed amendment to add additional individual defendants does not relate back to the original complaint since lack of knowledge does not amount to a mistake); Sidney, 228 F.R.D. at 519-520 (same); Green v. New York City Dept. of Correction, 93 Civ. 3360 (SAS), 1997 U.S. Dist. LEXIS 2293, at *13-*15 (S.D.N.Y. March 3, 1997) (same); Vineyard, 329 F. Supp. 2d at 369.

Accordingly, there was no "mistake," other than a lack of knowledge, that plaintiff is seeking to correct through this amendment in regard to adding a claim for false arrest against Sergeant Stremel and therefore, plaintiff's application should be denied.

### b. Police Officer Baker

In plaintiff's application, he argues that he, 'also did not know Police Officer Kenneth Baker's involvement with respect to any false arrest or false imprisonment of the plaintiff prior to the March 20, 2008 disclosure. Defense counsel will foreseeabl[y] argue that because Kenneth Baker was listed as a deponent on the subject February 2005 criminal

8

complaint against Bassett, plaintiff waived his right to name this defendant as a party defendant with respect to the proposed amended complaint sounding in false arrest and false imprisonment against Police Officer Kenneth Baker." (Plaintiff's Application at p. 4, ¶ 8). Plaintiff argues that this argument is unfounded because, "[o]n the criminal complaint, Police Officer Kenneth Baker made a hearsay deposition based on information furnished him by an unknown undercover informant. This vague declaration does not constitute evidence of Police Officer Baker's arrest or imprisonment of plaintiff, which involvement was not known until the March 20, 2008 disclosure." Id at p. 5, ¶8. Thus, in essence, plaintiff's argument is that the reason he did not originally include a claim for false arrest against Police Officer Baker is because he did not have evidence of Police Officer Baker's involvement in plaintiff's false arrest and/or imprisonment until he obtained the District Attorney's File regarding plaintiff's arrest; a set of documents that he could have obtained himself prior to the tolling of the statute of limitations period.

Plaintiff clearly knew about Police Officer Baker's involvement in his arrest prior to filing this lawsuit; Police Officer Baker's name is listed as a deponent on the criminal court affidavit pertaining to plaintiff's arrest. Therefore, plaintiff had enough information to name Police Officer Baker as a defendant in this matter when he initially filed his original complaint on October 9, 2007. Thus, for the reasons discussed more fully *supra*, and in accordance with Your Honor's rationale in Bove, plaintiff cannot maintain that his failure to name Police Officer Baker as a defendant in this matter was the result of a mistake for relation back purposes. See Bove, 1999 U.S. Dist. LEXIS 12112 at *9-*11. Moreover, plaintiff cites absolutely no case law to support his proposition that a lack of evidence to show a person's involvement in an arrest can be considered a mistake for relation back purposes.

Accordingly, plaintiff's request to amend his complaint to state a claim for false arrest against Police Officer Baker should be denied.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court deny plaintiff's motion to amend the caption of the complaint to add a claim for false arrest against Police Officer Baker and/or Sergeant Stremel.

Dated: New York, New York
       May 14, 2008

>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of
>                   the City of New York
>                   Attorney for City of New York
>                   100 Church Street
>                   New York, New York 10007
>                   (212) 442-0832
>                   (212) 788-9776 (fax)
>
>            By:    ____/s/_____
>                   Brooke Birnbaum (BB 8338)
>                   Assistant Corporation Counsel