UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AHMED BASSETT,                                   :
                                                 :
                    Plaintiff,          :       07cv8695(HB)
                                                 :       **OPINION**
  -against-                                     :
                                                 :
THE CITY OF NEW YORK,                            :
                                                 :
                    Defendant.          :
-------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

      Plaintiff Ahmed Bassett filed a complaint on October 9, 2007 against the Defendant, the City of New York, under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution in connection with his February 3, 2005 arrest at the hands of several New York City Police Department ("NYDP") Officers. On March 24, 2008, the Plaintiff moved pursuant to Fed. R. Civ. P. 15(a)(2) to amend his Complaint to add as defendants two individual police officers, Kenneth Baker and Sergeant Stremel, who were involved in the arrest, in his action against the City of New York.[1] Because the false arrest and false imprisonment claims were time-barred at the time of the application, and the Plaintiff failed to meet the requirements of FRCP 15(c) to relate the amendment back to the original date of the complaint, the motion to amend the complaint is granted in part and denied in part.

## I. FACTUAL BACKGROUND

      Plaintiff was arrested as part of a sweep for selling computer parts and arraigned on February 5, 2005. (Compl. ¶ 6.) All criminal charges against him were dismissed on May 18, 2005. (Compl. ¶ 8.) Though the Plaintiff did not name the police officers who made the arrest or include a John Doe Police Officer in his Complaint, he alleged in the body of the Complaint that the "Defendant (NYC), and/or its agents, and/or servants, and/or employees wrongfully, intentionally, and falsely accused the plaintiff of knowingly receiving stolen merchandise." (Compl. ¶ 6.)

---

[1] The Plaintiff first requested an amendment on March 24, 2008 by letter application without citing the Federal Rule under which he applied. The City filed an opposition letter demonstrating that the application failed because the Plaintiff failed to meet Rule 15(c) requirements. I permitted the Plaintiff to refile his request in a formal motion, which was to be fully briefed by June 6, 2008. Some information here is based on the original papers.

1

On November 16, 2007, the City requested a release pursuant to New York C.P.L.R. § 160.50 from the Plaintiff to unseal the criminal files related to his arrest so that it could prepare its defense of the case. (See Endorsed Birnbaum Ltr. to J. Baer, Dec. 21, 2007.) The Plaintiff did not respond. On December 21, 2007, the City asked the Court to intervene. Id. I ordered the Plaintiff to authorize the unsealing of the criminal files. Id. The Plaintiff submitted the §160.50 release on January 17, 2008. On March 20, 2008, the date of the pre-trial conference, the City provided to the Plaintiff the Rule 26(A) disclosure form with the District Attorney's File regarding Plaintiff's arrest appended, both of which contained the names of the Officer Baker and Sergeant Stremel. (Declaration of Gary Fish, Esq., Ex. 1.) The Plaintiff filed the instant motion to add the two police officers via letter on March 24th, and I allowed him to refile his request in a formal motion, which he did on April 29th.

## II. STANDARD OF REVIEW

Rule 15(a) provides that once responsive pleadings are filed, a party may amend its pleading with the opposing party's consent or the court's leave and such leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "A motion to amend should only be denied for good reason such as 'undue delay, bad faith, futility of amendment, and perhaps, most important, the resulting prejudice to the opposing party.'" Christiana Gen. Ins. Corp. of New York v. Great Am. Ins. Co., 745 F. Supp. 150, 164 (S.D.N.Y. 1990) (quoting Richardson Greenshields Secur., Inc. v. Mui-Hin Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).

## III. DISCUSSION

The Plaintiff argues that the amendment should be granted and that Officer Baker and Sergeant Stremel should be added to the Complaint pursuant to the "Court's inherent power to extend the time by which an act must be done, in the interests of substantial justice and pursuant to Rule 15(a)(b) (sic) of the FRCP." (Fish Decl. ¶ 7, Apr. 29, 2008.) He further argues that he could not have named the proposed defendants prior to February 5, 2008, the date upon which he now agrees the false arrest and false imprisonment claims became time-barred, because the Plaintiff did not know the identity of these individuals "until 45 days (3-20-08) AFTER the alleged Statute of Limitations expired . . . and the defendant [was not under] any pre-discovery obligations prior to February 5, 2008 to divulge to plaintiff's counsel the names of either [officer]." Id. at ¶¶ 7-8. The Plaintiff claims that he only learned of the names of the police officers involved on March 20, 2008 when the City provided its Rule 26 Disclosures which

2

included their names on the arrest report and as witnesses.  Id.  The Plaintiff admits that Officer Baker had been listed as a deponent on the February 2005 criminal complaint, but that this did not provide sufficient information to the Plaintiff that the Officer was involved in the arrest to allow him to add him to this complaint before the March 20, 2008 disclosures. Id. at ¶ 8.

In addition, the Plaintiff argues that the proposed defendant police officers, as City employees, were on notice that they would be named in the civil rights action based on their involvement in the arrest as well as the language in the Complaint, which alleged the claims against the City *and* its agents and employees in paragraph 6.  Id.  Finally, he argues that based on the "continuing violation doctrine" the complaint should be amended to add the foreseeable defendants Police Officer Kenneth Baker and/or Sergeant Stremel." Id. at ¶ 3.

The City opposes amendment of the complaint for the false arrest and imprisonment claims as futile because the Plaintiff tried to add the officers as defendants after the statute of limitations ran, and he fails to meet the requirements of Fed. R. Civ. P. 15(c) which may have permitted him to relate the addition of the Defendants back to the original filing date notwithstanding expiration of the statute of limitations.  I agree.

The statute of limitations for 42 U.S.C. § 1983 claims is governed by state law for personal injury torts; in New York, it is three years.  Owens v. Okure, 488 U.S. 235 (1989); Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002).  The accrual date of a § 1983 cause of action is a question of federal law.  Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).  The statute of limitations is not, as the Plaintiff suggests, discretionary.  N.Y. C.P.L.R. § 201 (McKinney's 2008); (see Fish Decl. ¶ 7.)  The parties agree that the statute of limitations did not run with respect to the malicious prosecution claim, thus the complaint can be amended to add the two officers for that claim.  (See Birnbaum Ltr. to J. Baer, Mar. 31, 2008.)  However, the false arrest and false imprisonment claims began to accrue on the date of arraignment, the date on which the claimant became detained pursuant to legal process, which in this case was February 5, 2005. Wallace v. Kato, 127 S. Ct. 1091, 1100 (2007).[2]  Therefore, the statute of limitations on these claims ran on February 5, 2008, well before the Plaintiff moved to amend the complaint, and amendment of the complaint would be futile under Rule 15(a)(2).

---

[2] False arrest and false imprisonment overlap; the former is a species of the latter because every confinement of the person is an imprisonment.  Wallace v. Kato, 127 U.S. 1091, 1095 (2007).

FRCP 15(c) allows claimants to add previously unidentified parties to a complaint when the statute of limitations has run.  Rule 15(c) provides that an amendment changing the name of a defendant may relate back to the original pleading if the claims against the new party arise out of the same conduct or occurrence set forth in the original pleading, and, within 120 days of filing the original complaint, the <u>new</u> defendant (1) had received such notice of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, <u>but for a mistake concerning the identity</u> of the proper party, the action would have been brought against him.  <u>See</u> Fed. R. Civ. P. 15(c); <u>Barrow v. Wethersfield Police Dept.</u>, 66 F.3d 466 (2d Cir. 1996).  The <u>Barrow</u> Court held that lack of knowledge of the identity of the person is not enough to satisfy the Rule 15(c); consequently, "John Doe" filings are also inadequate to fulfill the "mistake" requirement of the rule.

A rare exception is <u>Byrd v. Abate</u>, where the City Defendant actively withheld the identity of police officers from the plaintiff until the statute of limitations period ran, despite the plaintiff's numerous requests, and that information was solely available through the City.  964 F. Supp. 140, 144-45 (S.D.N.Y. 1997).  In <u>Bove v. City of New York</u>, No. 98cv8800, 1999 U.S. Dist. LEXIS 12112 (S.D.N.Y. 1999), I rejected a request to amend a complaint to add police officers in a § 1983 action because the plaintiff was not sufficiently diligent in learning their names, which would have been revealed if he had subpoenaed records from a complaint filed with the CCRB, available long before the statute of limitations had run.

Here, the Plaintiff meets the first requirement of FRCP 15(c) that claims against the new defendants arise out of the same transaction or occurrence in the original pleading.  However, it is unlikely that he meets the notice requirement by the inclusion of the City and its agents and employees in the body of the complaint.  This was not actual notice to the proposed defendants and it was insufficient to impute knowledge to the Defendant or its attorneys that the Plaintiff intended to sue the officers within the 120-day window provided by Rule 15(c).  <u>Sedney v. Winter</u>, 98cv9006, 2002 U.S. Dist. LEXIS 23308, at *10 (S.D.N.Y. Oct. 21, 2002).

Even if he did meet the notice requirement, he fails to allege a mistake, legal or factual.  <u>Covington v. City of New York</u>, No. 95 Civ. 0196, 1997 WL 311922, at *1 (S.D.N.Y. Jun. 10, 1997).  He also does not allege or show that the information was in no other way available to him or that the City actively withheld that information from him after repeated requests.  Rather, only Mr. Bassett could access the sealed criminal file and it was contingent upon him to provide a

4

§160.50 release to permit the unsealing of the record. He clearly would have met the February 5, 2008 deadline had he requested the Plaintiff's New York City Police Department Arrest Report, which named the proposed defendants. Plaintiff also argues that the doctrine of continuing violation applies here, however, he does not explain how. (Fish Decl. ¶ 6.) It is likely misplaced since he has also failed to allege any conduct by defendants to show that they continued to violate his constitutional rights during the filing period to save his claims. Shell v. Brzezniak, 365 F. Supp. 2d 362 (W.D.N.Y. 2005) (citing Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995)).

This is simply a case of lack of knowledge of the identity of the proposed defendants and concomitant lack of diligence to determine their identities in time to amend the complaint. Rule 15(c)(3) just does not allow the Plaintiff's claims against the officers to relate back and as such, the amendment of the complaint is futile.

### III. CONCLUSION

The Plaintiff's motion to amend the Complaint to add the two police officers is GRANTED as to the malicious prosecution claim, but is DENIED as to the false arrest and false imprisonment claims. The Clerk of the Court is instructed to close this motion.

SO ORDERED
New York, New York
June 30 2008

U.S.D.J.

5